UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KOLTON BOURGEOIS, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-154 |
| | § § | |
| BELL HELICOPTER TEXTRON INC., *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Rolls-Royce North America Holdings, Inc.'s and Rolls-Royce Corporation's Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. 22. Based on the pleadings; the motion, response, and reply; and the applicable law, the motion to dismiss the Rolls-Royce Defendants for lack of personal jurisdiction is **GRANTED**. The reasons for the ruling are explained below.

### Background

The relevant facts in the light most favorable to the Plaintiff are as follows. Rory J. Bourgeois died when the Bell 206-L-4 helicopter in which he was a passenger crashed into the Gulf of Mexico. Bourgeois's estate ("Bourgeois") brought a negligence claim against Bell Helicopter Textron, Inc., the helicopter's manufacturer. At issue here, Bourgeois also brought claims negligence and products liability claims against Rolls-Royce North America Holdings, Inc. and Rolls-Royce Corporation (together, "Rolls" or "the Rolls Defendants"). Dkt. 6. According to Bourgeois, the Rolls Defendants were liable for these claims because they had purchased the Allison Divisions of General

Motors—the original manufacturers of the helicopter's engine. The Rolls Defendants are both incorporated in Delaware. They have principal places of business in Virginia and Indiana, respectively. Bourgeois alleged that the Rolls Defendants breached their duty when it "placed in the stream of commerce the Engine and all components and systems which were dangerous and unsafe for their intended uses." Dkt. 6, ¶ 4.5.

Rolls requested a Pre-Motion Conference in accordance with this Court's procedures to discuss their anticipated motion to dismiss. Dkt. 12. The Court held a Pre-Motion Conference, granting Rolls leave to file their motion. Dkt. 20. They filed the instant motion four days later. Dkt. 22. According to Rolls, the Court has neither general nor specific personal jurisdiction over the foreign entities.

Bourgeois's Response was due on November 18, 2016. Two days prior to this deadline, Bourgeois filed an unopposed motion for a two-week extension to respond to Rolls' motion. Dkt. 25. The motion was granted. Dkt. 26. On the date of the amended deadline, Bourgeois filed another motion for an extension of time—here, requesting an extra sixty-two days to file his Response. Dkt. 27. Rolls opposed the second request. Dkt. 28. The Court granted Bourgeois's motion in part, extending the deadline by an additional twenty-eight days. Dkt. 29.

Bourgeois's Response claimed that his request for jurisdictional discovery was "essentially denied with the Court's Order [granting twenty-eight additional days]." Dkt. 30, p. 3. The Response further stated that Bourgeois "respectfully request[s] the opportunity to conduct jurisdictional discovery prior to the final resolution of

Defendants' Motion, if any."[1] *Id.* Bourgeois made two arguments in support of personal jurisdiction: 1) Rolls purchased the company that manufactured and sold the engine, succeeding in tort liability under Delaware law; and 2) the Court has general jurisdiction over Rolls because their contacts with the forum state make them essentially 'at home' in Texas. Bourgeois supported this contention with Rolls' promotional material showing that "these two defendants currently have several offices, divisions, and/or sales and service centers within the state of Texas ...." Dkt. 30, p. 7.

## Standard of Review

Under the Federal Rules of Civil Procedure, the "plaintiff bears the burden of establishing a district court's [personal] jurisdiction over a non-resident." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). When the Court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the Plaintiff may satisfy this burden by "presenting a prima facie case of jurisdiction." *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996) (citations omitted). A court must take a plaintiff's uncontroverted allegations as true. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). It must further resolve all conflicts in favor of the plaintiff when determining whether a prima facie case for personal jurisdiction exists. *Id.*

## Discussion

---

[1] After Rolls filed its motion, Bourgeois had over two months in which to seek the Court's assistance to conduct jurisdictional discovery and file his Response. The Court finds that Bourgeois had sufficient opportunity to conduct such discovery. Neither of the motions for extension cite jurisdictional discovery as the "Relief Requested." *See* Dkts. 25, 27. Bourgeois never filed a motion compelling jurisdictional discovery. Further, he failed to follow the Court's verbal and written directions to file a joint letter requesting the Court's assistance. Finally, his request for further jurisdictional discovery—contained in the body of his Response to Rolls' motion to dismiss—is both untimely and an improper venue for requesting such relief.

### i. Personal Jurisdiction

"A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant (1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir.2009). The Texas long-arm statute extends to the limits of due process. *Id.* To satisfy due process, the plaintiff must demonstrate "(1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston*, 523 F.3d at 609.

"A defendant establishes minimum contacts with a state if 'the defendant's conduct and connection with the forum state are such that it should reasonably anticipate being haled into court there.'" *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 379 (5th Cir.2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir.2001). Here, Bourgeois argues that general—rather than specific—jurisdiction exists. A court has general jurisdiction over a nonresident defendant "to hear any and all claims" against him when his contacts with the state are so "'continuous and systematic' as to render it essentially at home in the forum." *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011).

*ii. Application of Facts*

Bourgeois first argues that the Rolls Defendants are liable for the tort caused by the engine's original manufacturer. This argument is inapposite to the determination of personal jurisdiction. A personal jurisdiction analysis seeks to ensure that a court's power "to bind a nonresident defendant" to its judgment does not violate its rights under the Fourteenth Amendment's Due Process Clause. *See Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). Bourgeois argues that the Rolls Defendants are the proper defendants. The relevant issue is whether the Southern District of Texas may properly hale them.

The Court next turns to Bourgeois's argument that the Court has general jurisdiction over Rolls. Under general jurisdiction, a defendant's "affiliations with the State [must be] so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG*, 134 S.Ct. at 761. Compared to specific jurisdiction, general jurisdiction plays "a reduced role" in modern jurisprudence. *Daimler AG*, 134 S.Ct. at 755. With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" Id. at 760 (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 924 (2011)).

Here, the Rolls Defendants are at home in Delaware and in their respective principal places of business—neither of which are located in Texas. Bourgeois attempts to show otherwise. He points to promotional materials showing a presence in Texas. He argues that the Rolls Defendants placed their product into the stream of commerce. The former argument is simply insufficient to establish general jurisdiction. The latter implicates specific jurisdiction, which Bourgeois does not allege. In short, Boureois's

"attempts to show otherwise are unavailing." *Monkton Ins. Svc. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

## Conclusion

Bourgeois did not meet his burden to demonstrate a prima facie case of general or specific personal jurisdiction. Rolls' Motion is therefore **GRANTED**. It is **ORDERED** that all claims, causes of action, and requests for affirmative relief asserted or requested by the Plaintiff against Defendants Rolls-Royce North America Holdings Inc. and Rolls-Royce Corporation are hereby **DISMISSED**.

SIGNED on april 19, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge