IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KOLTON BOURGEOIS, and KOETHE BOURGEOIS, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DECEDENT RORY J. BOURGEOIS, § § § § § § § § Plaintiffs § § v. § § BELL HELICOPTER TEXTRON INC., § ROLLS-ROYCE NORTH AMERICA § HOLDINGS, INC., and § COY LEASING, L.L.C., § § Defendants. § | CASE NO. 3:16-cv-00154 |

### DEFENDANT BELL HELICOPTER TEXTRON INC.'S
### MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

TO THIS HONORABLE COURT:

COMES NOW Defendant Bell Helicopter Textron Inc. ("Bell"), and files this its Motion to Strike Plaintiffs' Jury Demand. As grounds for this Motion, Bell states and shows as follows:

### I.     Background

On June 11, 2014, Rory J. Bourgeois (the "Decedent") was a passenger on a helicopter that crashed in the Gulf of Mexico. The helicopter was manufactured by Bell.

On June 13, 2016, Decedent's children, Koethe Bourgeois and Kolton Bourgeois ("Plaintiffs"), filed the present suit against Bell. Plaintiffs pleaded both diversity and admiralty jurisdiction. Plaintiffs' Second Amended Complaint ("Plaintiffs' Complaint") ¶ 2.1.

## II. Issue to be ruled upon

Must an action for wrongful death be tried to the court where the death occurred more than three nautical miles from the shore of the United States and no other claims are joined in the action?

## III. Summary of the argument

Decedent died in a helicopter accident which occurred more than three nautical miles from the shore of the United States. Therefore, the Death on the High Seas Act ("DOHSA") applies. The Act is the exclusive remedy for deaths on the high seas.

Actions brought under DOHSA are brought in admiralty. There is no right to jury trial in admiralty cases. Because DOHSA is exclusive, there is no other claim giving rise to a right to jury trial in this case. Therefore, Plaintiffs' jury demand should be struck.

## IV. Argument and authorities

DOHSA applies to this case as the Decedent died more than three nautical miles from the shore of the United States. 46 U.S.C. § 30302. The Decedent died within 0.9 miles of the South Timbalier 317 oil platform in the Gulf of Mexico that is approximately 67 miles from the Louisiana coast. (NTSB Identification CEN14FA286: Full Narrative attached hereto as Exhibit "A".) This places the accident well in excess of the minimum three nautical miles.

Only DOHSA applies to this case because the Act preempts general maritime law. *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 123 (1998); *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978). The Act also preempts state statutes. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 232 (1986). It is the exclusive remedy for deaths on the high seas. *Dooley*, 524 U.S. at 123; *see also Jacobs v. N. King Shipping Co., Ltd.*, 180 F.3d 713, 720 (5th Cir. 1999); *Dalrymple ex rel. Dalrymple v. Fairchild Aircraft Inc.*, 575 F. Supp. 2d

790, 795 (S.D. Tex. 2008); *Baker v. Bell Helicopter/Textron, Inc.*, 907 F. Supp. 1007, 1010 (N.D. Tex. 1995).

Cases under DOHSA are brought in admiralty. 46 U.S.C. § 30302. Admiralty cases are tried to the court in the absence of an independent right to a trial by jury. The Constitution does not confer a right to a jury trial in admiralty cases. *Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16, 20 (1963). Courts are not free to create a right to trial by jury where none exists. *Green v. Ross*, 338 F. Supp. 365, 367 (S.D. Fla. 1972).

For an admiralty case to be tried by jury there must be an independent right to trial by jury. Where a statute such as the Jones Act requires a jury, the entire case should be submitted to the jury so a single trier of fact is used for one case. *Fitzgerald*, 374 U.S. at 21. Similarly, a claim under diversity jurisdiction carries with it a right to jury trial. *See Seventh Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 360 (1962).

No independent right to a jury trial exists here. DOHSA does not provide a right to a jury trial. *See* 46 U.S.C. §§ 30301–30308. Although Plaintiffs plead diversity of citizenship and an amount in controversy in excess of $75,000, (Plaintiffs' Complaint ¶ 2.1), Plaintiffs' Complaint is solely for the wrongful death of the Decedant. *See generally, Id.* Wrongful death is governed by DOHSA. *Lasky v. Royal Caibbean Cruises, Ltd.*, 850 F. Supp. 2d 1309, 1314 (S.D. Fla. 2012). And as noted above, cases under DOHSA are brought in admiralty. *See* 46 U.S.C. § 30302. Plaintiffs plead no additional claim beyond DOHSA to invoke the Court's diversity jurisdiction. *See Lasky*, 850 F. Supp. at 1314–15.

## V. Prayer

For these reasons, Bell Helicopter Textron Inc. asks the Court to strike Plaintiffs' jury demand.

                                              Respectfully submitted,

                                              /s/ Douglas W. Poole
                                              Douglas W. Poole
                                              Attorney-in-Charge
                                              State Bar No. 16115600 / SDTX 619
                                              Rosenburg, P.O. Box 629
                                              Galveston, Texas 77553
                                              Telephone:   (409) 763-2481 Ext. 116
                                              Facsimile:   (409) 762-1155
                                              Email:   dwpoole@mapalaw.com

OF COUNSEL:
**MCLEOD ALEXANDER POWELL & APFFEL**
802 Rosenburg, P.O. Box 629
Galveston, Texas 77553

**BROWN, DEAN, PROCTOR & HOWELL, LLP**
Stephen C. Howell
State Bar No. 10107700 / SDTX 6048
Email: showell@browndean.com
Cailin M. Ringelman
State Bar No. 24060495 / SDTX 2908211
Email: cringelman@browndean.com
Nathan A. Winkler
State Bar No. 24058899 / SDTX 1487208
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
Telephone:   (817) 332-1391
Facsimile:   (817) 870-2427

**ATTORNEYS FOR DEFENDANT**
**BELL HELICOPTER TEXTRON INC.**

## CERTIFICATE OF CONFERENCE

      Counsel for Bell, Cailin M. Ringelman, conferred with Plaintiffs' counsel, Mary Holmsley, on August 8, 2017, concerning the merits of this Motion. An agreement could not be reached and therefore the same is presented to the Court for its consideration.

                                              /s/ Cailin M. Ringelman
                                              Cailin M. Ringelman

## CERTIFICATE OF SERVICE

This is to certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's E-Service system on this the 8th day of August, 2017.

/s/ Douglas W. Poole