IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KOLTON BOURGEOIS, and | § | |
| KOETHE BOURGEOIS, INDIVIDUALLY, | § | |
| AND AS PERSONAL | § | |
| REPRESENTATIVE OF THE | § | |
| ESTATE OF DECEDENT RORY | § | |
| J. BOURGEOIS, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CASE NO. 3:16-cv-00154 |
| | § | |
| BELL HELICOPTER TEXTRON INC., | § | |
| ROLLS-ROYCE NORTH AMERICA | § | |
| HOLDINGS, INC., and | § | |
| COY LEASING, L.L.C., | § | |
| | § | |
| Defendants. | § | |

### BELL HELICOPTER TEXTRON INC.'S MOTION TO STRIKE THE REPORTS AND OPINIONS OF PLAINTIFFS' EXPERT ARTHUR B. CHILDERS

TO THIS HONORABLE COURT:

COMES NOW Defendant Bell Helicopter Textron Inc. ("Bell"), and files this its Motion to Strike the Reports and Opinions of Plaintiffs' Expert Arthur B. Childers ("Childers"), and respectfully moves the Court to strike said reports and opinions.

**Table of Contents**

I. Background ........................................................................................................................ 3

II. Issues to be Ruled upon .................................................................................................... 4

III. Summary of the Argument................................................................................................ 4

IV. Argument and Authorities................................................................................................. 5

    A. Childers' testimony should be excluded where his opinions are unreliable............................................................................................................... 5

    B. Childers's testimony should be excluded where the bases and reasons for his opinions were not disclosed.............................................. 9

    C. Childers' testimony should be excluded where it is not relevant ......................... 12

    D. Childers' testimony should be excluded where he is not qualified to offer his opinion.......................................................................................... 12

V. Prayer ............................................................................................................................... 13

## I. Background

On June 11, 2014, Rory J. Bourgeois (the "Decedent") was a passenger on a helicopter that crashed in the Gulf of Mexico. The helicopter was operated by Westwind Helicopters, Inc. ("Westwind"). The helicopter was manufactured by Bell.

On June 30, 2014, the Decedent's children, Koethe Bourgeois and Kolton Bourgeois ("Plaintiffs"), filed suit against Westwind. The case concluded after the parties reached a settlement.

On February 19, 2015, the Decedent's widow, Trinidad Bourgeois, filed suit against Westwind. On September 2, 2016, Plaintiff Koethe Bourgeois filed a declaratory judgment action seeking declarations, among others, that as personal representative she was the sole party to sue for wrongful death under the Death on the High Seas Act, and that she was in her rights to exclude the Decedent's widow's claim from distribution.

On June 13, 2016, Plaintiffs filed the present suit against Bell. In the Court's October 14, 2016 Docket Control Order [Dkt. 21], Plaintiffs were to identify their experts and produce expert reports by March 6, 2017. By agreement of the parties, the deadline was extended to April 6, 2017.

Plaintiffs designated Arthur B. Childers as their expert and provided his preliminary report (attached hereto as Exhibit "A"). On April 11, 2016, Plaintiffs' provided Childers' supplemental report (attached hereto as Exhibit "B"). On May 17, 2017, Bell took the deposition of Childers at which time counsel for Bell inquired into the bases and reasons for Childers' opinions. On July 6, 2017, Bell deposed James Turner ("Turner"), a witness whose statement Childers relied on.

## II.   Issues to be Ruled upon

1. Is testimony by Plaintiffs' expert Arthur B. Childers inadmissible because it is unreliable?

2. Is testimony by Childers inadmissible for failure to disclose the bases and reasons for his opinions?

3. Is testimony by Childers inadmissible because it is irrelevant?

4. Is testimony by Childers inadmissible because he is not qualified to offer opinions?

## III.   Summary of the Argument

Childers based his opinions on inadmissible hearsay. From a telephone conversation with Turner approximately two and a half years after the accident, Childers concluded the helicopter spun in the opposite direction from Turner's statement given three days after the accident and included in the NTSB Report, the direction Turner stated it spun at his deposition, and the direction Turner told Childers. Childers based his opinion on inadmissible hearsay which is not the type of evidence reasonably relied on by experts in the field, making it inadmissible. His opinion there was a failure of the main rotor driveshaft is based on the direction the helicopter spun, making it unreliable as well. Other opinions were made without any basis or skip steps in reasoning.

The bases and reasons for Childers' opinions have not been disclosed. He relied on other individuals' knowledge and opinions without disclosing contact information for those individuals and refused to identify one individual at all. He performed calculations (on different tail rotor blades than the one in this case) but has not provided them. He said he previously advised Bell to include procedures for failure of the main rotor driveshaft, but these previous communications or details about them were not provided. He referenced documents from the U.S. Army and others regarding a design defect, but never provided the documents.

Childers' testimony regarding the training of other pilots is irrelevant. George LeLoup ("LeLoup") was the pilot at the time of the accident and only his training is at issue.

Finally, Childers is not qualified to opine on the pilot's health, helicopter design, aeronautical or other engineering fields.

## IV. Argument and Authorities

The Court serves a mandatory gatekeeping role with respect to expert testimony. *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)). The Court should exclude the testimony of Childers because it fails to satisfy the requirements for admissibility. As shown below, Childers' testimony is unreliable, the bases of his testimony remains undisclosed, one opinion is irrelevant, and he is not qualified.

### A. Childers' testimony should be excluded where his opinions are unreliable

A court should exclude the testimony of an expert if it is not reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). An expert witness may be qualified and highly credentialed but without sufficient grounding his opinions are based on subjective belief or unsupported speculation. For an expert's testimony to be reliable, it must be (1) based on sufficient facts or data; (2) be the product of reliable principles and methods; and (3) be the product of reliable application of principles and methods to the facts of the case. Fed. R. Evid. 702; *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 528–29 (5th Cir. 2015).

Childers' testimony that the helicopter spun counter-clockwise should be excluded. For an expert opinion to be admissible, it must be based on facts or data that is admissible or facts or data that experts in the particular field would reasonably rely on. Fed. R. Evid. 703. Here, the

facts or data underlying an opinion that the helicopter spun counter-clockwise is inadmissible. According to Childers, Turner told him the helicopter spun counter-clockwise in a telephone interview Childers conducted more than two and a half years after the accident. (Exhibit "A", p.2.) Turner is not a party and his statement was made out of court. Consequently Turner's statement is hearsay if offered for the truth of the matter asserted, that is, that the helicopter spun counter-clockwise. *See* Fed. R. Evid. 801. Hearsay is generally inadmissible. Fed. R. Evid. 802. Turner's statement to Childers more than two years after the accident does not come under any of the exceptions to the rule making hearsay inadmissible. *See* Tex. R. Evid. 803 & 804. Neither are the facts or data such that experts in the particular field would reasonably rely on. Plaintiffs have made no attempt at showing that experts in the field rely on interviews conducted by phone so long after the accident for details such as direction of spin. The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that all requirements have been met. Fed. R. Evid. 104(a); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 n.10 (1993). One of Bell's experts, Harold Barrentine ("Barrentine"), who has significant experience in helicopter accident investigation, finds such interviews problematic and considers Turner's statement suspect for that reason. (Barrentine's Investigative Report p.11, attached hereto as Exhibit "C".) Expert reliance on such an interview is particularly questionable here, where Turner's statement made three days after the accident stated the opposite. (NTSB statement from Turner, (attached hereto as Exhibit "D"). In contrast to Turner's telephone interview with Childers, Turner confirmed the helicopter's clockwise spin with a model helicopter during his videotaped deposition. Turner testified at his deposition that he has never said the helicopter spun counter-clockwise. (Turner Dep. 48:7–49:2, attached hereto as Exhibit "E".) Because the facts or data underlying the opinion is inadmissible and experts in the field do not reasonably

rely on such facts or data, the opinion is inadmissible. All other opinions based on this opinion are similarly based on facts or data that is inadmissible and not reasonably relied on by experts in the field, and are also inadmissible.

Childers' testimony that the accident was caused by a failure of the main rotor driveshaft should be excluded. Childers' testimony is inadmissible because it is based on the inadmissible opinion that the helicopter spun counter-clockwise, as discussed above. "The only way that the helicopter can react in the manner in which Mr. Turner described is if there is a failure of the Main Rotor Drive Shaft or Freewheeling unit." (Exhibit "A", p.2.) Childers later testified there was no failure of the freewheeling unit. According to Childers, a failure of the main rotor driveshaft would not be able to produce a clockwise spin as the failure results in an absence of the torque the tail rotor is designed to overcome yet the tail rotor continues to be driven by the engine creating more thrust than the helicopter can control. (Exhibit B, p.9.) Therefore, without the purported counter-clockwise spin, a failure of the main rotor driveshaft cannot explain the accident. Childers' opinion that there was a failure of the main rotor driveshaft is, for that reason, foundationally unreliable.

Testimony that any failure of Bell to include the procedures for a failure of the main rotor driveshaft or freewheeling unit in Bell's Emergency and Malfunction Procedures (Section 3) of their Rotorcraft Flight Manual was intentional should be excluded. Childers testified that he previously told Bell they needed to include information in Bell's Rotorcraft Flight Manual. (Childers' deposition 78:7–78:18, attached hereto as Exhibit "F".) As noted elsewhere, no bases or reasons for the opinion have been provided. In addition, Childers' opinion is unreliable because it skips steps in reasoning. There is no showing of the standard for omitting or including information in a flight manual to determine whether Bell should have followed Childers' past

advice. An expert must explain how and why the expert reached a particular result, not merely his conclusory opinions. *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010); *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998).

Testimony that an act or omission by Bell caused any failure of the main rotor driveshaft should be excluded. Childers does not know what caused the failure. His lack of knowledge of what caused the alleged main rotor driveshaft failure is apparent from his report and testimony. (Exhibit "A", pp.3–4.); Exhibit "F" 34:9–22, 60:11–61:19 & 101:3–19.) Such opinion is without basis.

Testimony that any failure of the main rotor driveshaft was not caused by improper maintenance should be excluded. As noted above, Childers does not know what caused the failure. In addition, he does not know Westwind's maintenance practices. (Exhibit "F" 64:15–21.) Such testimony is without basis.

Testimony that the accident was not the fault of the pilot should be excluded. The only information Childers has on the pilot's health is a medical report that does not state whether the pilot's health caused the accident. (Exhibit "F" 116:7–19.) Moreover, Childers' testimony contradicts the opinion that pilot error did not cause or contribute to the accident. Childers testified that (1) the pilot did not do in a timely manner what he should have done (Exhibit "F" 82:12–83:7); (2) should not have flown with medication in his system that might impair his ability to operate machinery (Exhibit "F" 117:7–118:10 ); and (3) should have disclosed his medical condition. (Exhibit "F" 119:3–13.) Consequently, Childers' opinion that the pilot was not at fault is without basis.

Testimony that Bell failed in its duty to train LeLoup, should be excluded. Childers does not know the pilot's training or what the pilot knew. (Exhibit "F" 74:24–75:10, 76:9–77:2 &

82:12–83:7.) Here, Bell owed no duty to train LeLoup as Childers tacitly admits by backing off his opinion after acknowledging he does not know whether Bell trained LeLoup at all. (Exhibit "F" 74:24–75:10.) Thus, Childers' opinion is without basis.

> **B.     Childers's testimony should be excluded where the bases and reasons for his opinions were not disclosed**

Not only did Childers base opinions on inadequate bases and reasons as discussed above, in other areas he failed to identify the bases and reasons that would enable Bell to be able to evaluate the reliability of those bases and reasons. Such bases and reasons are required to be disclosed under Rule 26(a)(2)(B)(i) of the Federal Rules of Civil Procedure.

All opinion testimony by Childers should be excluded. The facts or data a retained expert considered must be provided as part of the expert's report. Fed. R. Civ. P. 26(a)(2). Childers considered other individuals' knowledge and opinions. (Exhibit "F" 104:12–16, 106:10–22 & 107:1–2.) These individuals were not timely disclosed, contact information for them has not been provided, and one of individual remains entirely unknown. Such nondisclosed information may not be used unless substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The lack of disclosure unfairly inhibits Bell's ability to properly prepare. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005). Discovery is now concluded and Bell has been without opportunity to investigate the reliability of these individuals' knowledge and opinions which became the basis for Childers's opinions.

Testimony the tail rotor RPM accelerated in excess of RPM under normal operations should be excluded. Childers believes that upon a failure of the main rotor driveshaft, which would stop the engine from driving the main rotor, the engine would continue driving the tail rotor, producing more thrust than could be controlled. (Exhibit "B", p.9), despite the presence of

a governor to regulate RPM. (Exhibit "C", p.27.) The basis of Childers' opinion is unreliable. He has not calculated how much higher tail rotor RPM would be upon a failure of the main rotor driveshaft as he describes. (Exhibit "F" 40:25–41:21.) Childers' testified that his opinion of increased RPM was based on his experience, but then immediately testified he has not had a similar experience. *Id.* He then testified that he has performed calculations on different tail rotor blades and in cases on the 206 and 206L models. *Id.* These calculations were not timely disclosed and still have not been provided to Bell as required under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Such nondisclosed information may not be used unless substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The lack of disclosure unfairly inhibits Bell's ability to properly prepare. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005).

Testimony as to forward airspeed just prior to the start of the accident should be excluded. The opinion was not timely disclosed and no basis for the opinion has been provided as required under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Such nondisclosed information may not be used unless substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Testimony that Bell failed to train pilots other than LeLoup should be excluded. The basis for the opinion was not disclosed as required under Rule 26(a)(2) of the Texas Rules of Civil Procedure. Such nondisclosed information may not be used unless substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The lack of disclosure unfairly inhibits Bell's ability to properly prepare. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005).

Testimony that any failure of Bell to include the procedures for a failure of the main rotor driveshaft or freewheeling unit in Bell's Emergency and Malfunction Procedures (Section 3) of their Rotorcraft Flight Manual was intentional should be excluded. No basis for the opinion has

been provided as required under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Childers testified that he advised Bell in the past to include it. (Exhibit "F" 78:7–78:18.) However, this advice was not timely disclosed and details still have not been provided. Such nondisclosed information may not be used unless substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The lack of disclosure unfairly inhibits Bell's ability to properly prepare. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005).

Testimony that the helicopter was defectively designed should be excluded. Even if Childers was qualified to offer such an opinion, the bases for it were not timely disclosed as required under Rule 26(a)(2) of the Federal Rules of Civil Procedure. Although Childers references documents from the U.S. Army and "several -- many, many, many different aeronautical engineers and design experts" purportedly indicating design defect (Exhibit "F" 112:23–113:13), those documents still have not been disclosed. Such nondisclosed information may not be used unless substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The lack of disclosure unfairly inhibits Bell's ability to properly prepare. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005). Furthermore, Childers backed away from offering any opinion on design defect (Exhibit "F" 120:14–25), precluding Bell from examining him about the bases and reasons for such an opinion. Permitting any attempt to revive the opinion would be unfairly prejudicial to Bell.

Testimony by Childers on the ultimate issue that Bell was negligent should be excluded. Childers once advanced an opinion that Bell was negligent. (Exhibit "A", p.3.) Such opinion was omitted from his supplemental report however (Exhibit "B"), and he denied an opinion as to negligence at his deposition. (Exhibit "F" 120:14–25.) By denying such an opinion at his

deposition, Childers precluded Bell from examining him about the bases and reasons for such an opinion. Permitting any attempt to revive the opinion would be unfairly prejudicial to Bell.

    C.      **Childers' testimony should be excluded where it is not relevant**

A court should exclude the opinion testimony of an expert if it is not relevant. Fed. R. Evid. 401, 402 & 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue on the case is not relevant and, ergo, non-helpful."). Testimony that Bell failed to train pilots other than LeLoup should be excluded. As noted above, no bases or reasons for the opinion have been provided. The testimony should be excluded for the additional reason that LeLoup was the pilot and it is his training—and not how Bell trains other pilots—that is relevant. *See* Fed. R. Evid. 401.

    D.      **Childers' testimony should be excluded where he is not qualified to offer his opinion**

A court should exclude the testimony of an expert witness who is not qualified by knowledge, skill, experience, training or education to render an opinion based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 702(a). The question is not whether a purported expert is generally qualified, but whether qualified to answer a specific question. *Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010). Therefore, an expert may be qualified to offer some opinions but not others. *See id.* Here, Childers is not qualified to offer three of the opinions he has advanced.

Testimony that the helicopter was defectively designed should be excluded. As noted above, the opinion is without basis. It should also be excluded for the additional reason that Childers is without the practical experience and necessary academic training to opine on

helicopter design. (*See* Childers' Curriculum Vitae attached hereto as Exhibit "G".) He himself admits his lack of qualification. (Exhibit "G" 114:2–115:11.)

Testimony that the accident was not the fault of the pilot should be excluded. As noted above, the opinion is without basis. It should also be excluded because Childers is without the practical experience and necessary academic training to opine on the pilot's health. (*See* Exhibit "G".) Childers is therefore unable to determine whether the pilot's health prevented him from timely taking corrective action.

Testimony the tail rotor RPM accelerated in excess of RPM under normal operations should be excluded. As noted above, the opinion is without basis. It should also be excluded because Childers is without the practical experience and necessary training to opine as to aeronautical engineering or any other engineering field. (*See* Exhibit "G").

## V.     Prayer

For these reasons, Bell Helicopter Textron Inc. asks the Court to order Plaintiffs to not offer the testimony of Arthur B. Childers on topics as identified in this Motion.

Respectfully submitted,

/s/ Douglas W. Poole
Douglas W. Poole
Attorney-in-Charge
State Bar No. 16115600 / SDTX 619
Rosenburg, P.O. Box 629
Galveston, Texas 77553
Telephone:   (409) 763-2481 Ext. 116
Facsimile:   (409) 762-1155
Email:   dwpoole@mapalaw.com

OF COUNSEL:
**MCLEOD ALEXANDER POWELL & APFFEL**
802 Rosenburg, P.O. Box 629
Galveston, Texas 77553

**BROWN, DEAN, PROCTOR & HOWELL, LLP**
Stephen C. Howell
State Bar No. 10107700 / SDTX 6048
Email: showell@browndean.com
Cailin M. Ringelman
State Bar No. 24060495 / SDTX 2908211
Email: cringelman@browndean.com
Nathan A. Winkler
State Bar No. 24058899 / SDTX 1487208
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
Telephone:     (817) 332-1391
Facsimile:     (817) 870-2427

**ATTORNEYS FOR DEFENDANT**
**BELL HELICOPTER TEXTRON INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Bell, Cailin M. Ringelman, conferred with Plaintiffs' counsel, Mary Holmsley, on August 8, 2017, concerning the merits of this Motion. An agreement could not be reached and therefore the same is presented to the Court for its consideration.

/s/ Cailin M. Ringelman
Cailin M. Ringelman

## CERTIFICATE OF SERVICE

This is to certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's E-Service system on this the 8th day of August, 2017.

/s/ Douglas W. Poole